## Town of Grafton v. Follansbee.

In an action against a collector of taxes on behalf of the town to recover money in his hands by virtue of his office, the treasurer with whom the collector has settled, and who has given him a receipt for the money, is a competent witness for the town, to show that such receipt was given through a mistake which intervened in the settlement.

A demand made by one assuming to act for the town, upon the defendant before the commencement of the suit, is sufficient, if the town afterward ratify it by bringing the action or adopting it when brought in its name, provided a payment to such person at the time of the demand, would have been a discharge of the debt to the town.

A vote of the town "releasing from his liabilities to the town in his official capacity relative to the suit" the party who has brought it in the name of the town, is sufficient to exempt him from all claim for costs in that suit.

ASSUMPSIT. By the report of the auditor it appeared that the defendant, as collector for the town of Grafton in 1841, received money by virtue of his office, for which in June 1842 he went into a settlement with James M. Kilton, who was treasurer for that year. Upon that occasion Kilton gave him a receipt for the full amount for which the defendant was chargeable, and afterward gave up his bond.

In the month of November following, Kilton called upon the defendant and stated to him that there had been a mistake in their settlement, by which an allowance had been made for two receipts, one for the State and one for the county tax, amounting in all to $216.34, as if they had been orders on him, and asked him if he would correct it.

To prove the mistake, the plaintiff offered Kilton as a witness, to whose admission as such, the defendant objected upon the ground of interest in the result of the suit. Upon this the plaintiff produced a copy of the record of a warrant calling a meeting of the town, and of the consequent proceedings.

Among the articles in the warrant, which appeared to have been duly served, were the following:

"2. By petitition of Alexander Williams and others, to see if the town will choose an agent to manage the suit commenced by James M. Kilton in the town's name against David Follansbee, for a mistake made by said Kilton in a settlement with said Follansbee as collector of taxes for the town of Grafton for the year 1841, and authorize said agent to settle or refer it to men if they can agree; if not, to prosecute the same to final judgment and execution.

3. To see if the town will release James M. Kilton town treasurer from his liabilities to said town in his official capacity relative to the above mentioned suit."

The record showed that the town "chose Jesse Cass, Esq., agent to manage the suit, agreeably to said 2d article," and "voted that James M. Kilton be released from his liabilities to said town agreeably to said 3d article."

The defendant insisted upon his objection to the admission of Kilton to testify, but he was admitted by the auditor.

It appeared that the suit was commenced by the procurement of Kilton, on the day after the application for the correction of the mistake.

The auditor reported a sum due to the town, subject to the opinion of the court upon the questions submitted.

*Kittredge*, for the defendant.

*Wilcox*, for the plaintiffs. As to the competency of the witness, Greenl. on Ev., sec. 416; *Strafford Bank* v. *Cornell*, 1 N. H. 192; 16 Pick. 535; 15 Wend. 314; 2 Cowen's Phillips' 96.

GILCHRIST, J. This is an action on the part of the town of Grafton, to recover a sum of money alleged to have

been received by the defendant while collector of the town, and in the discharge of his office as such, for the town's use.

A witness introduced by the plaintiffs to substantiate their claim is James M. Kilton, to whose competency objection is taken, upon the ground that while he was the treasurer of the town in June 1842, the defendant settled with him as such, and that through mistake, the witness in his office of treasurer gave the defendant a receipt for $216.34 more than the sum which he had actually paid in, or accounted for as collector; that that is the money for the recovery of which this action is brought, and that therefore the witness has an interest in the event of the suit.

But it is not easy to establish such a conclusion. If the town were to bring an action against the witness alleging his default as treasurer for this sum of money, it would be a clear defence on his part to show that he had not received it, and a judgment in favor of the defendant in the present action could not possibly be set up in any form to prevent or estop such a defence from being made in the case supposed.

The question that is raised appears to be settled by the application of the familiar and well established rule, which admits the testimony of agents concerning acts done by them in the prosecution of their agency, although its direct tendency may be to exonerate themselves. The doctrine is stated in Greenleaf's Law of Evidence, sec. 416, and is illustrated by numerous authorities which are there cited. Among those which seem apposite to the present case, is that of *Barker* v. *M'Crae*, 3 Camp. 144, which was an action of a shop-keeper to recover a sum of money delivered by one Ash a carrier, to the defendant, through mistake. The carrier was called as a witness on the part of the plaintiff, and it was objected that he was interested. He was *primâ facie* liable himself, and he must repay the

money to the plaintiff, unless by his evidence he could fix the defendant. Lord Ellenborough held that he was a witness from necessity, and might be examined without a release. It might have been added, perhaps, that a judgment in favor of the defendant in that case would not have estopped the witness, Ash, in an action by the tradesman for not delivering the money, from showing that he actually did deliver it. The better reason for charging him with having an interest in the suit was, that upon a recovery by the plaintiff against the defendant, and a satisfaction of the judgment, no possible claim could exist against the witness at the plaintiff's suit. But as has been remarked, it was a case in which the tendency of such a judgment to exonerate the witness, is not considered in law a sufficient objection to his competency to testify. *Phelps* v. *Sinclair,* 2 N. H. 554.

For this reason it becomes unnecessary to inquire into the effect of the proceedings of the town with a view to releasing the witness from all claim founded upon his supposed liabilities, except to remark that these proceedings have the effect of adopting the suit commenced in the name of the town, and of releasing him from all liability in respect to costs arising from it.

Its effect is also to settle a question that arose upon the demand, supposed to be a necessary preliminary to bringing the action, since it ratifies the demand made by Kilton.

That individual had no express authority to make such a demand, nor any authority implied in his office of treasurer, whose duties are simply to receive money and to disburse it upon the proper orders. But the payment of the money to him by the defendant, would have been a sufficient discharge from his debt to the town, and this was well known and not questioned by the defendant at the time. The town, by adopting the action founded upon that demand, ratified the demand also. The case comes within the principles of *Payne* v. *Smith,* 12 N. H. 34, and

of *Ham* v. *Boody*, Rockingham, Dec. term, 1844. "Where a demand is made by an attorney, the party has a right to require reasonable evidence of the authority of the individual to make it. But if no exception is taken at the time, then a subsequent commencement of a suit by the party in whose behalf it was made, claiming under such a demand, is a ratification of the act, and *primâ facie* proof that it was made with his authority."

*Judgment on the verdict.*